Ronald V. Sgambati, Esq. (Bar ID #046321991)
Allison J. Vogel (Bar ID #013012009)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SYED ABDUL MAJID HAQUANI, | : | CIVIL ACTION NO: |
| Plaintiff, | : | |
| v. | : | |
| MOTT MacDONALD, INC., | : | **NOTICE OF COMPLIANCE WITH** |
| Defendants. | : | **28 U.S.C. § 1446(d)** |

TO:   William T. Walsh, Clerk of Court
      United States District Court for the District of New Jersey
      M.L. King, Jr. Federal Bldg. & U.S. Courthouse,
      50 Walnut St.
      Newark, NJ 07102

      Brian F. Fowler, Esq.
      Brian F. Fowler, Attorney at Law
      84 East Ridgewood Avenue, Second Floor
      Ridgewood, New Jersey 07450

      Pursuant to the requirements of 28 U.S.C. § 1446(d), on March 2, 2018, a Notice

of Filing of Petition for Removal, a true copy of which is attached hereto as Exhibit 1, will be

forwarded to the Clerk of the Superior Court of the State of New Jersey for the County of Bergen.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT


By:/s/ Ronald V. Sgambati
    Ronald V. Sgambati

Dated:  March 2, 2018
4849-8868-9758, v. 1

# EXHIBIT 1

Ronald V. Sgambati, Esq. (Bar ID #046321991)
Allison J. Vogel (Bar ID #013012009)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT

| | | |
|---|---|---|
| SYED ABDUL MAJID HAQUANI, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | : | DOCKET NO: BER-L-768-18 |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MOTT MacDONALD, INC., | : | **NOTICE OF FILING OF PETITION** |
| | : | **FOR REMOVAL** |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

TO:     Clerk, Bergen County Justice Center
        10 Main Street
        Hackensack, NJ 07601

**PLEASE TAKE NOTICE** that Defendant, Mott MacDonald, Inc. (hereinafter "Defendant"), has forwarded for filing its Notice and Petition for Removal of this action to the United States District Court, for the District of New Jersey, on March 2, 2018. A copy of the Notice and Petition filed with the United States District Court is submitted herewith as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that Defendant hereby files a copy of its Notice and Petition with the Superior Court of New Jersey, Law Division, Bergen County, in accordance with 28 U.S.C. §1446.

Respectfully submitted,
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT


By:/s/ Ronald V. Sgambati

Dated:  March 2, 2018          Ronald V. Sgambati


4844-3497-6094, v. 1

Exhibit 1

Ronald V. Sgambati, Esq. (Bar ID #046321991)
Allison J. Vogel (Bar ID #013012009)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SYED ABDUL MAJID HAQUANI, | : | CIVIL ACTION NO: |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| MOTT MacDONALD, INC., | : | **NOTICE AND PETITION FOR REMOVAL** |
|  | : | **OF CASE FROM THE SUPERIOR COURT** |
| Defendants. | : | **OF NEW JERSEY, LAW DIVISION,** |
|  | : | **BERGEN COUNTY** |
|  | : |  |
|  | : |  |
|  | : |  |

TO:   William T. Walsh, Clerk of Court
       United States District Court for the District of New Jersey
       M.L. King, Jr. Federal Bldg. & U.S. Courthouse,
       50 Walnut St.
       Newark, NJ 07102

       Brian F. Fowler, Esq.
       Brian F. Fowler, Attorney at Law
       84 East Ridgewood Avenue, Second Floor
       Ridgewood, New Jersey 07450

       Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Mott MacDonald,

Inc. ("Defendant"), respectfully submits this Notice and Petition For Removal of a case from the

Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. L-000768-18,

and states as follows as grounds for removal:

1.      On January 31, 2018, Plaintiff Syed Abdul Majid Haquani ("Plaintiff"), filed a civil action captioned <u>Haquani v. Mott MacDonald, Inc.</u>, Docket No. L-000768-18, in the Superior Court of New Jersey, Law Division, Bergen County.  A true and correct copy of the Complaint is annexed hereto as Exhibit A.

2.      On February 23, 2018, Defendant accepted service of the Complaint.  The Complaint was the initial pleading received by Defendant setting forth the claims upon which Plaintiff's action is based. These documents constitute all pleadings and process provided to Defendant in this action.

3.      This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446 in that Defendant has effected removal within thirty (30) days of service of a paper from which it could first be ascertained that this action is removable.  <u>See</u> 28 U.S.C. § 1446.

4.      Defendant has not filed an answer or other pleading in the Superior Court of New Jersey.

## REMOVAL BASED ON DIVERSITY JURISDICTION

5.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because it is a civil action between citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case may therefore be removed pursuant to 28 U.S.C. § 1441.

6.      28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.      This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(2), the district courts have original jurisdiction of all civil actions between citizens of a State and citizens or subjects of a foreign state where the matter in

controversy exceeds the sum or value of $75,000.

       8.     In this matter, there is complete diversity of citizenship between Plaintiff and Defendant. At the time of the filing of the subject Complaint and the filing of this removal petition, Plaintiff was and is a citizen and resident of the United Kingdom. See Exhibit A. The named Defendant, Mott MacDonald, Inc., is and has been, both upon the filing of the complaint on January 31, 2018, and the filing of this removal petition, a corporation duly created and organized under the laws of the State of Delaware with a principal place of business in Iselin, New Jersey.

       9.     Plaintiff has not specifically enumerated the amount in controversy in his Complaint. However, the fact that a complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. See Bergen County Improvement Auth. v. Bergen Reg'l Med. Ctr., 2012 U.S. Dist. LEXIS 81891 (D.N.J. June 7, 2012); see also Raspa v. Home Depot, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory and punitive damages, and attorneys' fees).

       10.    In this case, Plaintiff alleges breach of contract and wrongful termination. The entire amount in controversy appears to contemplate an amount exceeding the sum or value of $75,000. In the Complaint, Plaintiff alleges that he had "an express Employment Agreement with Defendant which required Defendant to employ Plaintiff for a definite term and to provide him with a salary and certain other benefits as set forth in the Agreement." (See Exhibit A, ¶ 3). Plaintiff also alleges that Plaintiff and Defendant "agreed to another extension of his employment agreement which would continue through the years 2016 and 2017," but Defendant terminated his employment in December 2016 in order to "avoid paying him the monies and benefits he was still owed under the agreement." (Id. at ¶¶ 10, 14-15.) Under the agreement, Plaintiff's annual salary was $200,012.80. A true and correct copy of the agreement is annexed hereto as Exhibit B. Moreover, and as set forth in the Complaint, Plaintiff also seeks damages,

interest, attorneys' fees, costs of suit, and other such relief as the Court may determine appropriate. Given the relief requested by Plaintiff, Defendant submits the amount in controversy well exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional threshold of $75,000 is satisfied.   Further, Plaintiff's counsel has confirmed the amount in controversy exceeds $75,000, exclusive of interest and costs.

      11.    Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(2). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

      12.    Defendant submits this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

## VENUE

Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey because the state action was filed in this District and this is the judicial district in which the action arose.

## NOTICES

Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT


By:/s/ Ronald V. Sgambati
       Ronald V. Sgambati

Dated:  March 2, 2018
4839-1481-6862, v. 1

# EXHIBIT A

**BRIAN F. FOWLER, ATTORNEY AT LAW**
Brian F. Fowler, Esq.  021441987
84 East Ridgewood Avenue, Second Floor
Ridgewood, New Jersey  07450
(201) 689-3181
Fax: (201) 301-9138
Attorney for Plaintiff MAJID HAQUANI

| | |
|---|---|
| SYED ABDUL MAJID HAQUANI,<br><br>Plaintiff,<br><br>v.<br><br>MOTT MacDONALD, INC.<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, MAJID HAQUANI, a resident of the United Kingdom, by way of Complaint against the Defendant says:

## FIRST COUNT
### (Breach of Contract)

1.   Plaintiff resides in Warrington in the United Kingdom, and he was previously employed by Defendant Mott MacDonald, Inc. at its offices located in Westwood, Massachusetts.

2.   Defendant Mott MacDonald, Inc. is a Delaware Corporation with its main offices located at 111 Wood Avenue South, Iselin, New Jersey (hereafter "Defendant" or "MM") and is engaged primarily in the consulting and engineering industries.

3.   Plaintiff had an express written Employment Agreement with Defendant which required Defendant to employ Plaintiff for a definite term and to provide him with a salary and certain other benefits as set forth in the Agreement.

4.   Plaintiff Haquani began working for Mott MacDonald Limited, a related Mott MacDonald company in the United Kingdom, in February 1996, and over the subsequent fifteen years, Plaintiff worked in a variety of positions in management and was engaged in various team

leadership and business development roles during the time he was employed at the Company.  At the time he began employment, Plaintiff was a "Grade F" level employee and he steadily progressed through the ranks of the Company to "Grade I," the highest Grade in the Company (only approximately 50 employees of a total of 14,000 are Grade I).

5.    In December, 2011, Plaintiff was the Divisional Manager for infrastructure Finance and Investments in the UK, leading a consistently high performing division in "specialized services."  In September 2010, Plaintiff's business unit was consolidated with newly acquired Health and Education businesses into a larger Unit called Management, Consulting and Development.  Plaintiff also ran offices in Paris and Toronto which provided infrastructure finance services.

6.    Among the education services managed by Plaintiff's business Unit in the UK was Cambridge Education LLC, a business that had started up in the USA in 2006.  In or about 2011, Plaintiff learned that MM was looking for a new person to manage the Cambridge Education business in the United States, to grow the business and expand it into sectors other than education.  In mid 2011, Defendant approached Plaintiff and solicited him for the United States job.

7.    Plaintiff agreed to move to the United States and to take the position on certain conditions, including the freedom to grow the business and into sectors other than education. Defendant agreed and Plaintiff's employment with the United Kingdom Mott Macdonald was placed on hold and an Agreement was prepared between Mott MacDonald Inc. in the United States and Plaintiff.  The Agreement had an express term of two years and contained no termination provision.

8.    Plaintiff moved to the United States and began working at MM in the United States in the middle of January 2012.  The decision for Plaintiff to move to the United States was a particularly difficult one, because his wife and son were unable to join him due to his wife needing to care for elderly and ill parents, and his son attending college.  Plaintiff and his wife planned on her joining him in the United States at some future point.  The decision

also entailed substantial risk to his career, as he was leaving a Company at which he had substantial accomplishments over the previous fifteen years to transfer to an entirely new company.

9.  Despite the sacrifices and hardships experienced by Plaintiff, his employment with MM in the United States was extremely successful and substantial progress was made with his Unit during the initial two year employment agreement.  At the end of the initial term in 2013, MM and Plaintiff agreed to extend his employment agreement for another two year period.

10. The second two year employment period was similarly successful and Plaintiff and MM agreed to another extension of his employment agreement which would continue through the years 2016 and 2017.

11. Despite the personal successes of Plaintiff and his unit, MM was undergoing substantial changes in 2015, including merger talks and a decision by the Company to concentrate resources with the Company's "core services" and to eliminate non-core ("tail") businesses, of which Plaintiff's Unit was one.  Also during 2015, control of the United States based international development services, which formed part of Plaintiff's Division, was transferred to a United Kingdom based Division.  Despite the uncertainty surrounding Plaintiff's business at the end of 2015, his employment Agreement was renewed.

12. In early 2016 it became apparent that most of the work Plaintiff and his Division had handled would be eliminated, leaving only the United States based education services.  As a result of the changes, Plaintiff was a senior executive with a substantially reduced portfolio.

13. During this same time period, Plaintiff was advised that he was the subject of a sexual harassment complaint brought by a subordinate in his department.  Although the Company determined that the charge was not substantiated, Plaintiff was told that problems with his management style required training, and Plaintiff was required to take a training course entitled "How to Communicate With Tact and Diplomacy."  Prior to this, Plaintiff had never been advised of any problems with his management style.

14.    In or about November of 2016, Plaintiff was advised that he had been accused of retaliatory behavior by a subordinate. Even before the investigation of this new charge began, the Company advised some staff to refrain from using Plaintiff on new projects and to replace him on other projects on which he was already working. Plaintiff was given almost no information about the substance of the complaint and investigation and was never given a fair opportunity to challenge the allegations and conclusions reached by MM. In December, 2016, Plaintiff was advised that he was terminated from the Company as a result of this complaint.

15.    The timing and manner in which the harassment allegation and investigation was handled clearly indicate that the reasons given for Plaintiff's termination was merely a pretext used by the Company to terminate Plaintiff's employment agreement early because the changes at the Company had left him expendable and to avoid having to pay him the monies and benefits he was still owed under the agreement.

16.    Plaintiff performed all agreed upon work required of him and was ready, willing and able to continue working under his agreement.

17.    Defendant has breached the agreement between the parties and Plaintiff has been damaged by that breach.

WHEREFORE, Plaintiff demands judgment against defendant for damages, interest, attorneys' fees, costs of suit, and such other relief as the Court may determine appropriate.

## SECOND COUNT
### (Wrongful Termination)

17.    Plaintiff repeats and realleges each of the foregoing allegations as if set forth at length herein.

18.    Plaintiff's employment with Defendant was governed by his written agreement. However, if the policies and practices of Defendant are deemed applicable to his termination, Plaintiff's termination was in violation of the written and unwritten policies and practices of Defendant.

WHEREFORE, Plaintiff demands judgment against defendant for damages, interest, attorneys' fees, costs of suit, and such other relief as the Court may determine appropriate.

## THIRD COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

19.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth at length herein.

20.     Plaintiff's employment with Defendant was governed by his written employment agreement with the Company.  The written agreement contained no termination clause.

21.     Plaintiff used allegations against Plaintiff brought by a disgruntled employee as a pretext to terminate Plaintiff's employment with the Company to avoid having to meet its obligations under the agreement.

22.     Defendant's foregoing conduct is a violation of the Covenant of Good Faith and Fair Dealing which is a part of all contracts in New Jersey.

23.     As a result of Defendant's actions, Plaintiff has been harmed.

WHEREFORE, Plaintiff demands judgment against defendant for damages, punitive damages, interest, attorneys' fees, costs of suit, and such other relief as the Court may determine appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims so triable.

**BRIAN FOWLER, ATTORNEY AT LAW**
Attorney for Plaintiff

BY: _____
        BRIAN F. FOWLER, ESQ.

DATED:

# EXHIBIT B



**Mott MacDonald**
4301 Hacienda Drive, Suite 300
Pleasanton, CA 94588

December 15, 2011

<u>PERSONAL</u>

Majid Haquani
2 Topping Court
Locking Stumps
Birchwood
Warrington Cheshire
WA3 7ND
UK

Re: Employment with Mott MacDonald, Inc.

Dear Majid:

We feel there is significant opportunity for you with Mott MacDonald US. Subject to
you being granted the appropriate visa, we are pleased to offer you a position with
the following terms and conditions:

| | |
|---|---|
| **Position:** | Manager, Management Consultancy America Division |
| **Exemption Status:** | Exempt |
| **Salary:** | Your total salary will be US $200,012.80 per annum, which you will receive in bi-weekly payments. |
| **Location:** | Westwood, MA Office |
| **Starting date:** | January 16, 2012   *MK* |
| **Reporting to:** | David Cox |
| **Hours of work:** | Your normal hours of work are 40 hours per week, Monday through Friday. Though it is an exempt position, you will be paid for authorized overtime in accordance with Company policy. |
| **Employee Handbook:** | Your employment will be governed by the policies of Mott MacDonald, Inc. as set forth in the Employee Handbook that the Company reserves the right to amend at any time. |



**Benefits:**

1. You will accrue 20 days paid vacation per annum in addition to the holidays recognized by MM, Inc US.

2. You will receive medical and dental benefits in accordance with the enclosed MM, Inc. employee benefits summary. You will remain in the MM UK pension plan but may also elect to contribute into the HMM 401(k) Plan; however, you will not be eligible for the company contributions to the HMM 401(k) plan while you continue to receive this benefit via Mott MacDonald in the UK. Your life insurance benefit will remain with MM Limited.

3. In compliance with UK/US intergovernmental agreements you will be required to pay UK Class 1 NI contributions in lieu of FICA, the US equivalent social security tax. If your assignment extends beyond 5 years you will have the option to extend this arrangement for a further year, subject to the then pertaining regulations, after which you would be required to pay FICA. If, prior to five years of service in the US, we mutually agree to seek green card status, you would then be required to pay FICA in lieu of Class 1 NI. At that point you would also need to decide whether to voluntarily pay Class 2 or Class 3 NI contributions. Both NI and FICA are considered by the company to be forms of personal taxation and; therefore, are not subject to reimbursement by the company.

4. If you require it, the company will provide you with an interest-free loan of up to US$10,000 to purchase durable goods and rental deposit. This will be repaid out of your salary over the first 18 months.

**Relocation:**

MM Inc. will meet the cost of economy air fares when you relocate to Westwood, MA and back to the UK upon de-mobilization. Additionally, MM Inc. will meet the reasonable cost of temporary hotel accommodation, incidental living expenses such as meals, laundry etc. and, if necessary, a rental car for up to a maximum of sixty days while you find more permanent accommodation. The company will also pay a relocation grant of US$8,000 on mobilization and a further US$2,000 on de-mobilization. You are responsible for any



**Mott MacDonald**

taxes due on this grant and are advised to keep all relevant receipts. No other relocation expenses will be paid.

Should you terminate your employment with Mott MacDonald within two years of the notification date of your relocation you have agreed to reimburse Mott MacDonald for the relocation costs on a pro-rata basis.

**Car Allowance:**   You will receive $10,000.00 per year (paid bi-weekly) as a car allowance.

**Taxes:**   You will be responsible for paying all personal taxes due as a result of this appointment.  The company will provide you with the services of a tax advisor to prepare your first US tax return.

The Federal Government requires proof of identity and eligibility for employment in the United States within three business days of your first day of work.  Please ensure that you provide us with such proof within this time frame.

We are very pleased to present you with this offer to join Mott MacDonald, Inc. and look forward to a mutually rewarding and successful future together.  Please fax a signed copy of this letter indicating your acceptance to 925-469-8041.

Yours sincerely,
Management Consultancy & Development

David P. White
Mott MacDonald, Inc.
T: 925-469-8015
david.white@hatchmott.com

I agree to and accept the above:

_____
**Signature**

27th December 2011

**Date**

Enclosure
   cc:   HR MM Inc., USA
         HR MM Limited, UK